IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **HUMBERTO TINOCO**, on behalf of himself and all other similarly situated employees, known and unknown,<br><br>Plaintiff,<br>v.<br><br>**ACAR DURDAGI d/b/a Acar Discount Muffler and Brake**,<br><br>Defendant. | Civil Action<br><br>No.<br><br><br>JURY DEMAND |

## COMPLAINT

By and through his attorneys of record and on behalf of himself and all other similarly situated employees, known and unknown, the plaintiff, HUMBERTO TINOCO complains of the defendant, ACAR DURDAGI d/b/a Acar Discount Muffler and Brake. Pleading hypothetically and in the alternative, the Plaintiffs allege as follows:

### I.  INTRODUCTION

1. This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, as a result of the defendants' failure to pay overtime compensation to the plaintiff, and to other similarly situated employees of the defendants (the "Putative Class"). The plaintiff routinely worked in excess of 40 hours per week for the defendants, but the defendants failed and refused to pay him time-and-one-half overtime compensation for the hours he worked in excess of 40 in given weeks as the FLSA requires.

2.     Upon information and belief, the defendants routinely failed and refused to pay the Putative Class members time-and-one-half overtime compensation for the hours they worked in excess of 40 in given weeks as well, and continue this improper payroll practice through the present day.  In Count I, the plaintiff brings claims under Section 216(b) of the FLSA.

3.     In Counts II and III the plaintiff brings supplemental claims under the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1 *et seq.* and the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/1 *et seq.*, respectively.

## II. THE PARTIES

4.     The plaintiff is an individual domiciled within Illinois and resides within the Northern District of Illinois.

5.     ACAR DURDAGI is an individual who, upon information and belief, is domiciled in Illinois and resides within the Northern District of Illinois.

6.     At all times relevant to this action, ACAR DURDAGI operated and operates an automotive repair business located at or near 958 N. California Avenue, Chicago, IL 60622, which business operates under the name "Acar Discount Muffler and Brake."

7.     ACAR DURDAGI holds a Chicago business license for Acar Discount Muffler and Brake, which license bears the identification number "2214417."

8.     Upon information and belief, Acar Discount Muffler and Brake as: a) a sole proprietorship; or b) a general partnership.

9.     Upon information and belief, ACAR DURDAGI is: a) the sole proprietor of Acar Discount Muffler and Brake; or b) ACAR DURDAGI is a principal partner of Acar Discount Muffler and Brake.

10. At all times relevant to this action, ACAR DURGDAGI held and holds an ownership interest in Acar Discount Muffler and Brake.

11. At all times relevant to this action, ACAR DURDAGI exercised and exercises significant control over Acar Discount Muffler and Brake's day-to-day affairs including its human resources and payroll functions.

12. At all times relevant to this action, ACAR DURDAGI had and has the power to hire and fire employees of Acar Discount Muffler and Brake including the plaintiff and the Putative Class members.

13. At all times relevant to this action, ACAR DURDAGI had and has the power to set the work schedules of Acar Discount Muffler and Brake's employees including the plaintiff and the Putative Class members; and ACAR DURDAGI did in fact set the work schedules of the plaintiff and the Putative Class members.

14. At all times relevant to this action, ACAR DURDAGI had and has the power to set the pay rates of Acar Discount Muffler and Brake's employees including the plaintiff and the Putative Class members; and ACAR DURDAGI did in fact set the pay rates of the plaintiff and the Putative Class members.

### III. JURISDICTION AND VENUE

15. Federal question jurisdiction is conferred on this Court by Section 16(b) of the FLSA and 28 U.S.C. §1331.

16. Supplemental jurisdiction over the Illinois statutory claims alleged herein is conferred on this Court by 28 U.S.C. § 1367(a).

17. Venue is proper as the acts or omissions that gave rise to the claims alleged herein occurred within the Northern District of Illinois.

IV. **STATUTORY CONSENT**

18. The plaintiff brings this case as an opt-out collective action under the FLSA on behalf of himself and the Putative Class, and in accord with Section 16(b) of the FLSA, the plaintiff has given written consent to bring such an action (attached as **Exhibit A** and incorporated by reference).

V. **GENERAL ALLEGATIONS**

19. At all times relevant to this action, the defendant was and is the plaintiff's "employer", within the meaning of Section 3(a) and (d) of the FLSA in that the defendant acted directly or indirectly in the interest of the "employer" in relation to the employee plaintiff/s represented herein, and is therefore liable for the unpaid wages and other relief sought herein.

20. At all times relevant to this action, the defendant was and is the Putative Class members' "employer", within the meaning of Section 3(a) and (d) of the FLSA in that the defendant acted/acts directly or indirectly in the interest of the "employer" in relation to the employee plaintiff/s represented herein, and is therefore liable for the unpaid wages and other relief sought herein.

21. At all times relevant to this action, the defendant was the plaintiff's "employer" within the meaning of Section 3(c) of the IMWL in that the defendant acted directly or indirectly in the interest of the "employer" in relation to the plaintiff, and is therefore liable for the unpaid wages and other relief sought herein.

22. At all times relevant to this action, the defendant was the plaintiff's "employer" within the meaning of Section 2 of the IWPCA in that the defendant acted

directly or indirectly in the interest of the "employer" in relation to the plaintiff, and is therefore liable for the unpaid wages and other relief sought herein.

23. At all times relevant to this action, the plaintiff was and is an "employee" of the defendant within the meaning of Section 3(e)(1) of the FLSA in that, among other things, the defendant allowed/allow the plaintiff to perform work for the defendant's benefit.

24. At all times relevant to this action, the Putative Class members were and are "employees" of the defendant within the meaning of Section 3(e)(1) of the FLSA in that, among other things, the defendant allowed/allows them to perform work for the defendant's benefit.

25. At all times relevant to this action, the plaintiff was an "employee" of the defendant within the meaning of Section 3(d) of the IMWL in that, among other things, the defendant allowed him to perform work for the defendant's benefit.

26. At all times relevant to this action, the plaintiff was an "employee" of the defendant within the meaning of Section 2 of the IWPCA in that, among other things, the defendant allowed him to perform work for the defendant's benefit.

27. At all times relevant to this action, the defendant owned and operated, and owns and operates, an automotive repair business commonly known as "Acar Discount Muffler and Brake" at or near 958 N. California Avenue, Chicago, IL 60622, at which the plaintiff is employed.

28. Upon information and belief, ACAR DURDAGI had gross receipts in excess of $500,000.00 in: a) 2010; b) 2011; c) 20012; d) 2013; and e) the twelve-month period between and including April 1, 2013 and March 31, 2014.

29. During the course of his employment by the defendant, the plaintiff handled goods that moved in interstate commerce including but not limited to motor oil and other petroleum products, acetylene, cleaning solvents and hardware.

30. During the course of their employment by the defendant, the Putative Class members handled and handle goods that moved in interstate commerce including but not limited to motor oil and other petroleum products, acetylene, cleaning solvents and hardware.

31. During the course of their employment by the defendant, the plaintiff and the Putative Class members were and are not exempt from the minimum wage and maximum hour provisions of the FLSA.

32. During the course of his employment by the defendant, the plaintiff was not exempt from the minimum wage and maximum hour provisions of the IMWL.

33. The plaintiff was employed by the defendants from about March 26, 2012 through the present (the "Employment Period") as an automotive repair technician.

34. The plaintiff typically worked at least 48.5 hours per week for the defendant during the Employment Period.

35. More specifically, during the Employment Period, the plaintiff would typically work from 8:00 a.m. through 5:30 p.m., with a one hour lunch and no additional breaks, Monday through Friday (42.5 hours with lunches subtracted) and from 8:00 a.m. through 2:30 p.m., with a half hour lunch/break, on Saturday (6 hours with lunch/break subtracted); and the plaintiff observed his co-workers, including the Putative Class members, working the same or similar schedules.

36. In almost half of the weeks during the Employment Period, however, the defendant required the plaintiff and the Putative Class members to work past 5:30 p.m. (sometimes as late as 7:00 p.m.), which means that they are often required to work more than 48.5 hours per week.

37. The defendant typically paid the plaintiff $550.00 per week.

38. The defendant failed to pay the plaintiff at a rate not less than one and one-half times the plaintiff's regular hourly rate for the overtime (in excess of 40 in any given week) hours he worked however.

39. The allegations in the previous paragraph are exemplified by the fact that, for the weeks in which the plaintiff worked more than 48.5 hours, the defendant nonetheless paid the plaintiff $550.00 – indicating that the $550.00 was a set, lump sum rate that the defendant paid the plaintiff on a weekly basis rather than a multiple of the plaintiff's hourly rate.

## COUNT I
### (Violation of the FLSA)

40. The plaintiff hereby re-alleges the foregoing paragraphs.

41. Among other ways, the defendants violated the FLSA by:

   a. failing to pay the plaintiff for certain overtime (in excess of 40 in any given workweek) hours at a rate equal to or greater than one and one-half times the regular rate at which he was employed;

   b. failing to accurately record the number of hours the plaintiff worked each week;

   c. failing to provide the plaintiff with pay stubs that accurately listed the number of hours he worked each week; and

   d. failing to provide the plaintiff with pay stubs that accurately listed his hourly rate of pay.

7

42. Upon information and belief, the defendants also violated the FLSA by:

   a. failing to pay the Putative Class members for certain overtime (in excess of 40 in any given workweek) hours at a rate equal to or greater than one and one-half times the regular rate at which they were/are employed;

   b. failing to accurately record the number of hours the Putative Class members worked/work each week;

   c. failing to provide the Putative Class members with pay stubs that accurately listed/list the number of hours they worked/work each week; and

   d. failing to provide the Putative Class members with pay stubs that accurately listed/list their hourly rates of pay.

43. The defendants' violation of the FLSA was willful in that the defendants were aware or should have been aware of their obligations under the FLSA, but nevertheless attempted to circumvent its provisions.

44. The defendants failed to take affirmative steps to ascertain their obligations under the FLSA.

WHEREFORE the plaintiff, on behalf of himself and the Putative Class, prays for judgment in his favor and against the defendants, and each of them, and for the following relief:

   A. damages in an amount equal to the unpaid overtime compensation due and owing to the plaintiffs for each hour the plaintiffs worked in excess of 40 in any given week, but for which the defendants failed to pay the plaintiffs at rates equal to or greater than one and one-half times the regular rates at which the plaintiffs were employed (in no case less than one and one-half times the IMWL's mandatory minimum rate);

   B. statutory liquidated damages as allowed by the FLSA;

   C. interest on all amounts awarded;

    D. attorneys' fees, together with costs of suit and collection; and

    E. such further relief as may be fair and just in the premises.

### COUNT II
### (Violation of the IMWL)

45. The plaintiff re-alleges the foregoing paragraphs.

46. Among other ways, the defendants violated the IMWL by:

    a. failing to pay the plaintiff for certain overtime (in excess of 40 in a given workweek) hours at a rate equal to or greater than one and one-half times the regular rate at which he was employed;

    b. failing to accurately record the number of hours the plaintiff worked each week;

    c. failing to provide the plaintiff with pay stubs that accurately listed the number of hours he worked each week; and

    d. failing to provide the plaintiff with pay stubs that accurately listed his hourly rate of pay.

47. The defendants were aware or should have been aware of their obligations under the IMWL, but nevertheless attempted to circumvent its provisions.

48. The defendants failed to take affirmative steps to ascertain their obligations under the IMWL.

49. Each plaintiff who joins this action in the future will specifically adopt the allegations in this Count II.

WHEREFORE the plaintiff prays for judgment in his favor and against the defendants, and each of them, and for the following relief:

    A. damages in an amount equal to the unpaid overtime compensation due and owing to the plaintiffs for each hour the plaintiffs worked in excess of 40 in any given week, but for which the defendants failed to pay the plaintiffs at rates equal to or greater than one and one-half times the regular rate at which the

      plaintiffs were employed (in no case less than one and one-half times the IMWL's mandatory minimum rate);

    B.  statutory penalties as allowed by the IMWL;

    C.  interest on all amounts awarded;

    D.  attorneys' fees, together with costs of suit and collection; and

    E.  such further relief as may be fair and just in the premises.

## COUNT III
## (Violation of the IWPCA)

50.    The plaintiff re-alleges the foregoing paragraphs.

51.    Because the defendant paid the plaintiff at the same, weekly rate of $550.00 without regard for the number of hours that the plaintiff actually worked, the plaintiff's regular hourly wage rate was: a) $13.75 (based on a 40-hour work week; $550.00/40 = $13.75); or, in the alternative b) $11.34 (based on the plaintiff's typical 48.5 hour work week; $550.00/48.5 = $11.34).

52.    As alleged above, the defendant paid the plaintiff $550.00 even when the number of hours he worked varied; and therefore, the $550.00 was not intended to compensate the plaintiff for: a) the hours he worked in excess of 40 in given weeks; or, in the alternative; b) the hours he worked in excess of 48.5 in given weeks.

53.    It follows that the defendant shorted the plaintiff certain regular wages (sometimes called "gap pay" – the gap between the minimum wage and the overtime premium) in addition to overtime wages.

54.    Additionally, the defendant withheld money from the plaintiff's paychecks for the purpose of paying income taxes.

55. However, according to the Forms W-2 that the defendant submitted to the plaintiff for tax years 2013 and 2014, the amount of money the defendant paid to the Internal Revenue Service ("IRS") on behalf of the plaintiff was less than the amount of money the defendant withheld from the plaintiff's paychecks for that purpose.

56. Upon information and belief, the defendant converted the difference between the amount withheld, as described above, and the amount paid, as described above, to his own use.

57. Among other ways, the defendant violated the IWPCA by:

   a. failing to pay the plaintiff certain regular wages at least semi-monthly;

   b. failing to pay the money that the defendant withheld from the plaintiff's check to the IRS on behalf of the plaintiff;

58. The defendants were aware or should have been aware of their obligations under the IWPCA, but nevertheless attempted to circumvent its provisions.

59. The defendants failed to take affirmative steps to ascertain their obligations under the IWPCA.

WHEREFORE the plaintiff prays for judgment in his favor and against the defendants, and each of them, and for the following relief:

A. damages in an amount equal to the unpaid regular wages (gap pay) due and owing to the plaintiff for each hour the plaintiff worked, but for which the defendants failed to pay the plaintiff at a rate equal to or greater than the plaintiff's regular hourly wage rate;

B. statutory penalties as allowed by the IMWL;

C. interest on all amounts awarded;

D. attorneys' fees, together with costs of suit and collection; and

E. such further relief as may be fair and just in the premises.

60.

## JURY DEMAND

The plaintiff demands a trial by jury of all issues set forth herein that are capable of being tried by a jury.

                                                Respectfully submitted,

                                                /s/Paul Luka
                                              One of the Plaintiff's Attorneys

Paul Luka, Esq.
AMATORE & ASSOCIATES, P.C.
120 S. State Street, Suite 400
Chicago, IL 60603
(312) 236-9825
pluka@amatorelaw.com

# EXHIBIT A

## **CONSENT TO BE A PARTY PLAINTIFF**

The undersigned hereby authorizes and engages Amatore & Associates, P.C., to pursue his/her claims for unpaid wages, and other relief, against Acar Discount Muffler and Brake and Acar Durdagi, and any other person/s who may have employed him/her in conjunction with said person/s (collectively the "Employers"), and by the signature below the undersigned hereby consents to be a party plaintiff in a lawsuit brought against the Employers on behalf of him/herself and all other similarly situated employees, known and unknown, pursuant to 29 U.S.C. 216(b).

_____
HUMBERTO TINOCO