IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HUMBERTO TINOCO, on behalf of himself and all other similarly situated employees known and unknown,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>ACAR DURDAGI d/b/a ACAR DISCOUNT MUFFLER AND BRAKE,<br><br>　　　　　　Defendant. | Case No. 2014 CV 3079<br><br>Magistrate Judge Young B. Kim |

**UNOPPOSED MOTION TO APPROVE FORM AND
METHODOLOGY OF NOTICE TO OPT-IN CLASS**

The plaintiff moves this Court to approve the content and methodology for sending notice to similarly-situated employees pursuant to 29 U.S.C. 216(b). In support, the plaintiff states as follows.

1. This is a Fair Labor Standards Act case, which the named plaintiff brought on behalf of himself and similarly situated employees. An FLSA suit "on behalf of similarly situated employees is referred to as a 'collective action.'" *Jones v. Furniture Bargains, LLC*, 2009 U.S. Dist. Lexis 94689 (N.D. Ill. 2009).

2. An FLSA collective action "is similar to a class action under the Federal Rules of Civil Procedure . . . . However, the opt in requirement of Section 216(b) of the FLSA preempts the class formation procedure of 'opting out' under Federal Rule of Civil Procedure 23, and the distinction affects the notice that must be given to potential class members based on due process considerations." *Id.* (citing 29

U.S.C. § 216; *Flores v. Lifeway Foods, Inc.*, 289 F. Supp. 2d 1042, 1044 (N.D. Ill. 2003)).

3. Unlike in a Rule 23 class action, in a collective action brought under Section 16(b) of the FLSA, "'no employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.'" *Id.* (quoting *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 168 (1989).

4. The majority of courts, including the United States District Court for the Northern District of Illinois, have employed a two-step method for determining whether an FLSA lawsuit should proceed as a collective action. *Id.* (citation omitted).

5. Under step one of the collective action test, "Plaintiffs only need to make a minimal showing that potential members of the class are similarly situated." *Id.* (citing *Mielke v. Laidlaw Transit, Inc.*, 313 F.Supp.2d 759,762 (N.D. Ill. 2004). This determination "is made using a 'lenient interpretation' of the term 'similarly situated.' . . . "'[A] court requires nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan.'" *Id.* (citing *Thiessen v. General Elec. Capital Corp.*, 267 F.3d 1095, 1102 (10th Cir. 2001) (other citations omitted)). If the plaintiff "can make this minimal showing, the class is conditionally certified and notice is sent to potential class members, giving them an opportunity to opt in." *Id.* (citing *Heckler*, 502 F.Supp.2d at 779; *Mielke*, 313 F.Supp.2d at 762).

6. After negotiating and reviewing certain relevant records, among other things, the parties have reached an agreement that notice should be sent to a putative class of current and former employees similarly situated to the plaintiff and defined as: all individuals that were at any time between December 1, 2011, and the present employed by the defendant as automotive repair technicians or assistants to automotive repair technicians.

7. The defendant has tendered documents to the plaintiff, which contain information from which the names of current and former employees who fit this description can be ascertained; and the defendant will tender last known contact information for these persons in time for notice to be sent.

8. The parties have agreed on a notice form (attached as **Exhibit A**) and on an "opt-in" consent form (attached as **Exhibit B**).

9. Because the parties believe that some of the putative class members are native Spanish speakers, the parties have agreed to send the notice in English and in Spanish.

WHEREFORE, the plaintiff prays that this Court will:

A. enter the draft order attached as **Exhibit C**;

B. grant such further relief as may be fair and just in the premises.

          Respectfully submitted,

          /s/Paul Luka
          One of the Plaintiff's Attorneys

Paul Luka, Esq.
LAW OFFICE OF PAUL LUKA, P.C.
120 S. State Street · Suite 400
Chicago, IL 60603
(312) 971-7309

# EXHIBIT A

# NOTICE

If you were or are employed by Acar Durdagi (**Acar Discount Muffler and Brake**), and were not paid properly for all of the hours you worked, you may join a collective action lawsuit.

**IF YOU WISH TO OPT IN, YOU MUST ACT BY [DATE]**

- Humberto Tinoco has sued Acar Durdagi d/b/a Acar Discount Muffler and Brake. In the lawsuit, Tinoco alleges that he was not paid time and one-half overtime compensation for the hours he worked in excess of 40 each week. Tinoco also alleges that he was not paid for all of the hours he worked, because he was required to work some hours "off the books."

- The court has allowed the lawsuit to proceed as a collective action on behalf of all employees of Acar Durdagi d/b/a Acar Discount Muffler and Brake who worked as automotive repair technicians, or assistants to automotive repair technicians, at any time between December 1, 2011, and the present.

- The court has not at this time decided whether Acar Durdagi d/b/a Acar Discount Muffler and Brake did anything wrong. The case is in the early stages and has not yet gone to trial. There is no money available now, and no guarantee there will be. However, your legal rights may be affected and you have a choice to make now.

**THIS NOTICE AND ITS CONTENTS HAVE BEEN AUTHORIZED BY THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS. THE COURT HAS TAKEN NO POSITION IN THIS CASE REGARDING THE MERITS OF PLAINTIFF'S CLAIMS OR OF DEFENDANTS' DEFENSES. PLEASE DO NOT CALL OR WRITE THE COURT OR THE CLERK OF THE COURT. THEY CANNOT ANSWER QUESTIONS CONCERNING THIS LAWSUIT OR THIS NOTICE.**

| | YOUR LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT |
|---|---|
| **Opt in** | **Join this lawsuit.**<br><br>By choosing to "opt in" to this lawsuit, you will become a party plaintiff in this case. It is entirely your own decision whether or not to join this lawsuit. You are not required to join this case or take any action unless you want to. If you do join this lawsuit, you will gain the possibility of getting money or benefits that may come from a trial or a settlement. But you give up any right to sue Acar Durdagi d/b/a Acar Discount Muffler and Brake separately about the same types of legal claims in this lawsuit. |
| **Do Nothing** | **Do not join this lawsuit.**<br><br>If you choose not to join this lawsuit, you will not be affected by any judgment or settlement rendered in this case, whether favorable or unfavorable. If you do not choose to opt in and money or benefits are later awarded, you won't share in those. But you keep your right to sue Acar Durdagi d/b/a Acar Discount Muffler and Brake separately about the same types of legal claims in this lawsuit. |

## Why did I get this notice?

Records show that you are currently employed, or were previously employed, by Acar Durdagi d/b/a Acar Discount Muffler and Brake. The court has allowed notice of this lawsuit to be sent to current and former employees who are similarly situated to the current plaintiff (Humberto Tinoco) in this lawsuit.

The purpose of this notice is to: (1) advise you that a lawsuit has been filed against Acar Durdagi d/b/a Acar Discount Muffler and Brake; (2) advise you of your right to join or decline to join this lawsuit; and (3) instruct you on the procedure for joining this lawsuit if you wish to do so. Nothing in this Notice should be viewed as an admission of wrongdoing.

## Description of the lawsuit

Humberto Tinoco brought this lawsuit under the Fair Labor Standards Act, claiming that he and other employees did not receive time and one-half overtime compensation for the hours they worked in excess of 40 in certain workweeks. He also claims he was not paid for all of the hours he worked, because he was required to work some hours "off the books."

Tinoco claims that he was paid with a combination of cash and checks and was, in general, paid the same amount of money each week (basically a weekly "salary") even though the number of hours he worked each week varied. He claims that his job duties did not qualify him to be an exempt (salaried) employee and the law required that he should have been paid by the hour – including time and one-half overtime compensation for the hours he worked in excess of 40 in any given week. He also claims that he was simply not paid at all for some of the hours he worked (that he was required to work "off the books"), in violation of the Illinois Wage Payment and Collection Act. Tinoco is suing to recover these allegedly unpaid overtime wages and allegedly unpaid hours, in addition to penalties provided by law. Acar Durdagi denies any wrongdoing. There has yet been no determination by any court as to the truth of the allegations made by Tinoco.

## Who may join this lawsuit?

You may join this lawsuit as a party plaintiff if:

1) You are currently employed by Acar Durdagi (Acar Discount Muffler and Brake) or were employed there at any time since December 1, 2011;
2) You work or worked as an automotive repair technician or an assistant to automotive repair technicians; and
3) You believe that you did not receive proper overtime compensation and/or you believe you were not paid for all of the hours that you worked.

It is entirely your decision whether or not to join this lawsuit. You are not required to join this case or take any action unless you want to. It is completely voluntary. If you did receive proper wages from Acar Durdagi (Acar Discount Muffler and Brake), or simply do not want to join this lawsuit for any reason, you need not complete any form or do anything at all.

## How to opt in to join this lawsuit

You may join this lawsuit by:

1. **Completing** the enclosed Notice of Consent To Become a Party Plaintiff *(yellow form enclosed);* and
2. **Mailing** the completed Notice of Consent to the Plaintiff's attorneys at the following address:

**Law Office of Paul Luka, P.C.**
**120 South State Street, Suite 400**
**Chicago, IL 60603**

**DEADLINE:** In order for you to participate as a plaintiff in this case, the fully completed Notice of Consent To Become a Party Plaintiff (*yellow form*) must be *received* by the plaintiff's attorneys no later than **[DATE].**

### NO RETALIATION AGAINST YOU IS PERMITTED

If you are currently employed by Acar Durdagi (Acar Discount Muffler and Brake), federal wage and hour law prohibits them from retaliating against you because you have exercised your legal right to join this lawsuit, or because you have otherwise exercised your rights under the Fair Labor Standards Act.

### YOUR LEGAL REPRESENTATION IF YOU JOIN

The plaintiff's attorneys, the Law Office of Paul Luka, P.C., 120 South State Street, Suite 400, Chicago, IL 60603, will represent you if you decide to join this suit by opting in as described above. The Law Office of Paul Luka, P.C. is entitled to receive payment of reasonable attorneys' fees and expenses from the defendants if the plaintiff is successful in this lawsuit.

### FURTHER INFORMATION

Further information about this suit may be obtained by reviewing the court file in the Clerk's Office, 219 South Dearborn Street, 20th Floor, Chicago, IL 60604 or by calling the Law Office of Paul Luka, P.C. at (312) 971-7309. A copy of the plaintiff's complaint and the defendant's answer to the complaint may be downloaded at www.lukapc.com

# EXHIBIT B

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

HUMBERTO TINOCO, on behalf of himself and all )
other similarly situated employees known and )
unknown, )
                                                                                                   )
                        Plaintiff, )        Case No. 2014 CV 3079
                                    )
       vs. )        Magistrate Judge Young B. Kim
                                    )
ACAR DURDAGI d/b/a ACAR DISCOUNT )
MUFFLER AND BRAKE, )
                                    )
                        Defendant. )

## NOTICE OF CONSENT TO
## BECOME A PARTY PLAINTIFF
*(This form must be completed in ink, not pencil)*

       This document is to be sent to:       **Law Office of Paul Luka, P.C.**
                                                               **120 S. State Street, Suite 400**
                                                               **Chicago, Illinois 60603**

      I hereby consent to become a plaintiff in the above captioned case filed against the named defendant, Acar Durdagi d/b/a Acar Discount Muffler and Brake ("Defendant/s"), under the Fair Labor Standards Act. I attest that I either am now, or have been at some time since December 1, 2011, employed by the Defendant/s and that one or both of the following is true: a) I have worked overtime (in excess of 40 in any one week) in at least one work week during my employment and I was not paid at the rate of one and one-half times my regular hourly rate for all of the overtime hours I worked; and/or b) I have not been paid for all of the hours that I worked, because I was required to work some hours "off the books."

My name is:                             _____
                                                 *Please Print Name*

My address is:                         _____
                                                 *Street Address*

                                                 _____
                                                 *City, State, Zip Code*

My telephone number is:           _____
                                               *Home*                                     *Mobile*

**-OVER-**

Dates Employed: Start: End:

My Signature: _____
*Please Sign Name*

Date on which I signed
this Notice: _____
*Today's Date*

**-OVER-**

# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HUMBERTO TINOCO, on behalf of himself and all other similarly situated employees known and unknown, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) Case No. 2014 CV 3079<br>) |
| vs. | ) Magistrate Judge Young B. Kim<br>) |
| ACAR DURDAGI d/b/a ACAR DISCOUNT MUFFLER AND BRAKE, | )<br>)<br>)<br>) |
| Defendant. | )<br>) |

## AGREED ORDER

This matter coming to be heard on the plaintiff's Unopposed Motion to Approve Form and Methodology of Notice to Opt-In Class, the parties being in agreement regarding the matters treated in this order, and the Court being advised in the premises, it is HEREBY ORDERED:

1. The plaintiff's Unopposed Motion to Approve Form and Methodology of Notice to Opt-In Class (the "Motion") is granted.

2. The Court approves the notice form attached to the Motion as Exhibit A.

3. The Court approves the opt-in consent form attached to the Motion as Exhibit B.

4. Within 5 days of the entry of this order, the defendant shall provide the plaintiff with last known contact information for the putative class members.

5. Within 10 days of the entry of this order, the plaintiff shall cause the notice and consent forms described above (Exhibit A and Exhibit B to the Motion) to be sent to the putative class members via U.S. Mail in English and in Spanish.

6. To be effective, opt-in consent forms must be received by the plaintiff's counsel and filed with the Court within 55 days of the entry of this order (the "Opt-in Period").

7. The plaintiffs' counsel shall promptly notify the defendants of any undeliverable e-mail or U.S. Mail, and the defendants shall make a reasonable attempt to obtain valid contact information not already provided and communicate it to the plaintiff's counsel.

8. During the Opt-in Period, the plaintiff's counsel shall only attempt to contact a putative class member via telephone if it becomes reasonably apparent that the class member did not receive the mailing described above (*e.g.* undeliverable e-mail or U.S. Mail). Until the close of the Opt-in Period, when contacting class members via telephone for this limited purpose, the plaintiff's counsel shall provide only basic information about the case and how to obtain the subject notice and consent forms. However, if a class member initiates contact with the plaintiff's counsel via telephone or otherwise, this restriction shall not apply.

9. The defendant's counsel shall not initiate communications with the conditional class members during the Opt-in Period. Should a conditional class member contact defendant's counsel, this paragraph is inapplicable.

10. During the Opt-in Period, the party defendant and his agents shall not initiate communications with the conditional class members about this case. If the

defendant or his agents are approached by a conditional class member concerning this case during the Opt-in Period, the defendant and/or his agents, if requested to do so, shall provide any such class members with true and correct copies of the notice and consent forms in English and in Spanish. The defendant's legal counsel shall promptly advise the plaintiff's counsel of the names of any conditional class members to whom they have provided copies of the notice and consent forms.

ENTER:

Date:_____          _____
                                Hon. Young B. Kim
                                United States Magistrate Judge